IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CINSEREE JOHNSON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 10-1072-LPS |
| US BANCORP, | : | |
| Defendant. | : | |

Cinseree Johnson, Cleveland, Ohio, Pro Se Plaintiff.

Gary Williams Lipkin, Esquire, Duane Morris LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

March 30, 2012
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

# I. INTRODUCTION

Plaintiff Cinseree Johnson ("Plaintiff") filed this action on December 9, 2010, alleging defendant U.S. Bank, National Association (improperly named US Bankcorp) ("Defendant") failed to honor and stopped payment on money orders and cashier's checks it issued. (D.I. 2) The Complaint asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. Presently before the Court are Plaintiff's Motions to Remand and Defendant's Motion to Dismiss as well as Plaintiff's Motion to Extend Time to File a Response and Motion for Leave to Supplement her Response. (D.I. 7, 10, 13, 19, 22) For the reasons that follow, the Court will grant in part and deny in part Defendant's Motion to Dismiss. The Court will deny Plaintiff's Motions to Remand and will grant Plaintiff's Motions for an Extension of Time and to Supplement. Finally, the parties will be ordered to brief the issue of whether venue is more appropriate in the United States District Court for the Northern District of Ohio.

# II. BACKGROUND

Plaintiff resides in Cleveland, Ohio while Defendant is a Delaware corporation. The Complaint alleges that on or about December 9, 2009, Plaintiff purchased three money orders and cashier's checks from Defendant; then, on December, 12, 2009, without her written or oral consent, Defendant stopped payment on the negotiable instruments.[1] (D.I. 2) The transactions took place in Cleveland, Ohio. Plaintiff seeks damages in the amount of $76,000.

---

[1] Plaintiff's response states that Defendant's actions resulted in a breach of contract. In her supplement to the Response, Plaintiff asserts for the first time violations of her right to due process. (*See* D.I. 20, 22)

1

Subsequent to filing the Complaint, Plaintiff filed two Motions to Remand this matter to the Court of Common Pleas for the State of Delaware. Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6).

## III. REMAND

Plaintiff moves to remand this matter to the Court of Common Pleas for the State of Delaware. (D.I. 7, 10) In addition, she requests a hearing on the issue. (D.I. 18) Plaintiff seeks relief that is procedurally improper. *See* 28 U.S.C. §§ 1441-1453. Because Plaintiff filed the instant Complaint in this Court, not in a Delaware State Court, Defendant could not, and did not, remove the matter to this Court. Therefore, the Court will deny the Motions. (D.I. 7, 10)

## IV. DISMISSAL

### A. Legal Standards

#### 1. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring its claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the Complaint as true, and the Court may only consider the complaint and documents referenced in or attached to the complaint. *See Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the Complaint. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884,

891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *See Mortensen*, 549 F.2d at 891.

### 2. Rule 12(b)(3)

A court may dismiss a lawsuit for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Therefore, the Court must determine whether venue is proper in accordance with the appropriate statutes when deciding a motion to dismiss for improper venue. *See Albright v. W. L. Gore & Associates, Inc.*, 2002 WL 1765340, at *3 (D. Del. July 31, 2002) (citations omitted). Venue generally must be established for each separate claim in a complaint. *See Stein v. Chemtex Int'l, Inc.*, 2004 WL 722252 (D. Del. Mar. 31, 2004). The moving party has the burden of proving that venue is improper. *See id.* (citing *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982)).

### 3. Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff,

3

plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## B. Discussion

Defendant moves for dismissal on the grounds that the Complaint fails to meet the pleading requirements of *Iqbal* and *Twombly*, the claims are frivolous, the Complaint does not meet the prerequisites for diversity,[2] Plaintiff has no standing to raise her claims, and the suit was commenced in an improper venue. Plaintiff responds that she raises a breach of contract claim and a due process claim.

To the extent that Plaintiff raises a breach of contract claim under Ohio law, she must allege four elements: (1) "existence of a contract," (2) "performance by the plaintiff," (3) "breach by the defendant," and (4) "damage or loss to the plaintiff." *Siemaszko v. FirstEnergy Nuclear Operating Co.*, 932 N.E.2d 414, 419 (Ohio Ct. App. 2010). To the extent Plaintiff raises a breach of contract claim under Delaware law, she must allege: (1) a contractual obligation between two parties, (2) a breach, and (3) damages. *See Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 548 (Del. Super. Ct. 2005).

The Complaint's scant allegations fail to adequately allege a contract existed between the parties. In addition, Defendant's Rule 12(b)(1) evidence indicates that Plaintiff is not a party to a contract with Defendant and, thus, has no standing to raise a breach of contract claim. Indeed, bank documents indicate that the transactions at issue involved an account of the Mount Zion

---

[2]The Complaint adequately alleges diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a), the district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.* at § 1332(c). The complaint alleges an amount in controversy over $75,000 and is brought between citizens of different States: Plaintiff as a citizen of Ohio and Defendant as a citizen of Delaware, where it is incorporated.

5

Baptist Church, an Ohio Corporation. Plaintiff is the secretary of the church. Accordingly, the allegations as they now stand fail to raise breach of contract claims. Finally, while Plaintiff states in her supplemental response that she raises a due process claim, there are no allegations in the Complaint alleging a constitutional violation.

The Complaint as it now stands fails to state a claim upon which relief may be granted. In addition, it does not appear that Plaintiff has standing to raise the claims in the Complaint. Therefore, the Court will grant the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dismissal, however, will be without prejudice. Plaintiff will be given an opportunity to cure the pleading defects.

### C. Venue

Defendant moves to dismiss this matter on the basis of improper venue, pursuant to Rule 12(b)(3), contending that a substantial part of the claim did not occur in the District of Delaware. Defendant notes that the Complaint identifies no events that occurred in Delaware. Further, Defendant's business records indicate the events occurred in Ohio. Plaintiff's response does not address venue.

In deciding Defendant's motion to dismiss under Rule 12(b)(3), the Court turns to the applicable statute on venue. Under 28 U.S.C. § 1391, when jurisdiction is based on diversity of citizenship, a plaintiff may bring a case in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a)(1)-(3) (2010).[3]

Here, Plaintiff filed the Complaint in the District of the State of Defendant's incorporation. Hence, venue is proper. Therefore, the Court will deny Defendant's motion to dismiss for improper venue.

Documents indicate, however, that the events giving rise to the claim occurred in Ohio. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Third Circuit has not decided whether a district court may transfer venue under 28 U.S.C. § 1404(a) on its own motion. Courts within this Circuit have held that when no motion to transfer to a more convenient venue has been filed, the Court may *sua sponte* transfer the case, but only after first providing the parties with an opportunity to brief the transfer issue. *See, e.g., Bank Express Int'l v. Kang*, 265 F.Supp.2d 497, 507 n.12 (E.D. Pa. 2003). Accordingly, the parties will be ordered to brief the transfer issue, so that the Court may determine if the United States District Court for the Northern District of Ohio is a more convenient venue for this matter.

## V. <u>CONCLUSION</u>

For the above reasons, the Court will deny Plaintiff's Motions to Remand to State Court (D.I. 7, 10) and will grant Plaintiff's Motion for an Extension of Time to File a Response (D.I. 19) and Motion for Leave to File a Supplement to her Response (D.I. 22). The Court will grant

---

[3] This is the version of the statute in effect when Plaintiff filed her Complaint on December 9, 2010. The venue statute was subsequently amended, effective December 7, 2011. *See* 28 U.S.C. § 1391.

7

in part and deny in part Defendant's Motion to Dismiss. (D.I. 7) Plaintiff will be given leave to file an Amended Complaint.[4] The parties will be directed to brief the issue of the venue most convenient to hear this matter.

An appropriate order will be entered.

---

[4] As previously discussed, it appears that Plaintiff does not have standing to raise her asserted claims and may have filed this action on behalf of the Mount Zion Baptist Church, an Ohio Corporation. Should the Mount Zion Baptist Church be added as a party to this action, it must retain counsel, as a corporation or other artificial entity cannot represent itself. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *James v. Daley and Lewis*, 406 F. Supp. 645, 648 (D. Del. 1976). Additionally, Plaintiff, a non-lawyer, may not appear on behalf of, or represent, the Mount Zion Baptist Church. *See Van De Berg v. C.I.R.*, 175 F. App'x 539, 541 (3d Cir. Apr. 7, 2006) (not published).