IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CINSEREE JOHNSON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 10-1072-LPS |
| US BANCORP, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this 16th day of July, 2012:

Having considered Plaintiff's Renewed Motion to Vacate and Motion for an Enlargement of Time to Amend the Complaint (D.I. 31),

IT IS HEREBY ORDERED THAT:

1. The Court denied Plaintiff's Motion for Reconsideration on May 18, 2012. (*See* D.I. 29) Not content with the Court's ruling, she renews the Motion. (D.I. 31) The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

1

2. Similar to her first Motion for Reconsideration, the Renewed Motion to Vacate (D.I. 31) is without merit. The Motion is denied. Future motions for reconsideration to vacate the March 30, 2012 Order will be docketed, but not considered.

3. The Court's May 18, 2012 Order granted Plaintiff's motion for leave to file an amended complaint and gave her fourteen days from the date of the Order to do so. (D.I. 26, 29) The May 18, 2012 Order warned Plaintiff that, "if an Amended Complaint is not filed within the time allowed, then the case will be CLOSED. . . . There will be no further extensions." (D.I. 29 at ¶¶ 6, 8)

4. The court docket indicates that the Order was mailed to Plaintiff on May 18, 2012, yet she claims she did not receive it until June 6, 2012. Therefore, she moves for an extension of time to file an amended complaint indicating that the Court "must allow" seven to ten days for delivery of regular U.S. mail. The Court finds specious Plaintiff's claim that it took nineteen days for the Order, mailed from Wilmington, Delaware on May 18, 2012, to arrive in Cleveland, Ohio, on June 6, 2012. Notably, the instant motion filed by Plaintiff is postmarked June 11, 2012, and was received and docketed here on June 14, 2012; a mere three days.[1]

5. Plaintiff has been afforded ample opportunity to file an amended complaint. Instead, she has flouted court deadlines, filed pleadings without merit, and neglected her litigation responsibilities. Plaintiff was warned that her failure to timely comply with the May 18, 2012 Order in filing an Amended Complaint would result in closure of the case, yet she failed

---

[1] Curiously, while the envelope is post-marked June 11, 2012, Plaintiff's Certificate of Service is dated June 12, 2012.

to heed the Court's warning. The Motion for an Enlargement of Time to Amend the Complaint (D.I. 31) is DENIED.

    6.    The Clerk of Court is directed to CLOSE the case.

_____
UNITED STATES DISTRICT JUDGE